IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENE ROBINSON, | |
| Plaintiff, | **8:18CV85** |
| vs. | |
| LINCOLN COUNTY COURT, and DEBRA MCCARTHY, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed a Complaint on February 23, 2018. ([Filing No. 1](#).) He has been given leave to proceed in forma pauperis. ([Filing No. 10](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. §§ 1915(e)](#) and [1915A](#).

## I. SUMMARY OF COMPLAINT

Plaintiff, a prisoner currently confined at the Lincoln Diagnostic and Evaluation Center ("DEC"), has filed this 42 U.S.C. § 1983 action against the Lincoln County Court in North Platte, Nebraska, and Debra McCarthy ("McCarthy"), the Chief Clerk of the Lincoln County Court. He alleges that on or about December 20, 2017, and January 30, 2018, he mailed "several common-law claims to [the] Clerk of Courts [of] Lincoln County and received no reply stating a mistake, nor were [his] claims time date stamped or filed and copied with one copy being returned to [him] as in the instructions for clerk of courts." ([Filing No. 1 at CM/ECF p. 5](#) (punctuation corrected).) Plaintiff claims McCarthy "is in dereliction of her duty, has obstructed process, and trespassed on the case." (*[Id](#)*. (punctuation corrected).)

As relief, Plaintiff requests this court order "Lincoln County Court to apologize" and "subpoena any/all professional liability reimbursement insurance plans that may cover right(s) violations [and] all records of mailing to Lincoln County Court for evidence." (*Id*.) Plaintiff also asks for $200,000 in punitive damages and $150,000 in compensatory damages "for lost time in pursuing [his] case." (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Claims against Lincoln County Court**

Plaintiff's claims for damages and injunctive relief against the Lincoln County Court necessarily fail because "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment." *Harris v. Missouri Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986). Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law and a court is not a "person" within the meaning of § 1983. *Id*. As such, Plaintiff's claims against the Lincoln County Court must be dismissed.

**B. Claims Against McCarthy**

Liberally construing Plaintiff's allegations, Plaintiff seems to be claiming that McCarthy's actions have deprived him of his constitutional right to access the courts. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, Plaintiff does not specify in what capacity McCarthy is being sued, so the court must assume she is sued in her official capacity. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in

3

the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against McCarthy are claims against Lincoln County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible claim against Lincoln County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lincoln County's clerk's

4

office employees, or that Lincoln County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that Lincoln County has a policy or custom of denying prisoners access to the courts. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lincoln County across the line from conceivable to plausible.

**C. Leave to Amend Access to Courts Claim**

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges an access to courts claim against McCarthy in her official or individual capacity. To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (internal quotation marks omitted).

Here, Plaintiff alleges nothing about the "common law claims" McCarthy has failed to file such that the court would be able to analyze whether Plaintiff has a nonfrivolous, arguable, underlying claim and whether McCarthy's actions caused Plaintiff to suffer actual injury or prejudice. Any amended complaint filed by Plaintiff must include such allegations.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 29, 2018**, to amend his Complaint to set forth good-faith factual allegations regarding: (a) the "common-law claims" McCarthy allegedly failed to file; (b) how McCarthy's actions caused Plaintiff to suffer actual injury or prejudice; and (c) the existence and contents of an official policy or custom that caused a violation of Plaintiff's constitutional right to access the courts. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **October 29, 2018**: check for amended complaint.

Dated this 27th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge